**AIR TRANSPORT ASSOCIATION OF AMERICA, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION; Samuel Skinner, Secretary of Transportation; Federal Aviation Administration; and James B. Busey, Administrator, Respondents.**

No. 89–1195.

United States Court of Appeals, District of Columbia Circuit.

June 4, 1991.

On Remand from the United States Supreme Court.

Before MIKVA, Chief Judge, and EDWARDS and SILBERMAN, Circuit Judges.

ORDER

PER CURIAM.

ORDERED, by the Court, on its own motion, that the opinions filed herein on April 13, 1990, 900 F.2d 369, be, and the same hereby are, vacated. It is

FURTHER ORDERED, by the Court, on its own motion, that the petition for review is dismissed with prejudice as moot.

The Clerk is directed to issue a certified copy of this order to respondent, in lieu of a formal mandate.

A separate concurring statement filed by *Circuit Judge* SILBERMAN is attached.

SILBERMAN, Circuit Judge, concurring:

I agree that the case is now moot because the Air Transport Association (ATA) indicates that it and its members will no longer challenge the rules at issue, but wish to add a few words about the way it became moot so that those interested in the matter will understand what occurred. This case, it will be recalled, involved a challenge to the procedures by which the Department of Transportation (DOT) promulgated certain *temporary* regulations which were due to expire shortly after the argument date before this court. The government moved to dismiss before oral argument, maintaining that the impending lapse of the temporary regulations made the case inappropriate for our consideration. In response to questions from the court along this line, however, counsel for ATA stated that

> [t]he point ... is that there are cases in the system [that are governed by the temporary regulations] now.... We are at the beginning of this procedure.... Of some 4,800 cases, I believe 25 have reached final hearing.... Others are coming up for a hearing. The number of cases in the system, and the fact that many of them have not gone very far, it seems to me, indicates that this is a good opportunity for the court to resolve the facial challenge so that we can get this program right....

When the government petitioned for *certiorari,* the ATA switched and adopted, in its brief in opposition, the argument the government had made before us—that the by-then lapse of the temporary regulations and DOT's promulgation of final regulations under unchallenged procedures rendered the case moot. The Supreme Court granted *certiorari* nonetheless. *After* the Supreme Court agreed to hear the case, ATA filed a new motion representing that neither it nor its members any longer "have an interest in challenging the validity [of the regulations] ... in civil penalty proceedings conducted in any part under the [regulations]." The Court accordingly remanded to us for consideration of mootness. ATA tells us that it has no interest in the case and indeed *now* informs us that "as a practical matter, it is unclear how many such proceedings [governed by the temporary regulations] there *ever were.*" (Emphasis added.) The government has reluctantly agreed that the case is moot.

I would like to think I am tolerant of the tactics lawyers use in litigation. ATA's

twists and turns can be read either as misrepresentations to us, or, in effect, a confession of error to the Supreme Court after *certiorari* was granted. I prefer to place the latter interpretation on ATA's

gymnastics, but the court should be alert to such maneuvering in the future.